IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD WILBERT DAVIS II,

            Petitioner,                            ORDER

    v.                                               09-cv-002-bbc

ROBERT SPODEN, Sheriff,
Rock County,

            Respondent.

---

      Donald W. Davis II, an inmate at the Rock County Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also has requested leave to proceed *in forma pauperis*. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Having considered petitioner's affidavit of indigency, I find that he is unable to prepay the fees of commencing this action or to post security therefor, pursuant to 28 U.S.C. § 1915(a)(1). Accordingly, petitioner's request for leave to proceed *in forma pauperis* is granted.

      On October 13, 2008, petitioner was convicted in the Circuit Court for Rock County for retail theft and obstruction of an officer, for which he is currently serving an 11-month sentence. On November 4, 2008, petitioner was extradited to Winnebago County, Illinois

1

to face other charges, which remain pending. He filed motions to dismiss the extradition warrant on December 9 and 18, 2008 but has not yet received a response. Although he alleges that he also filed three writs of mandamus in the circuit court, a review of court records available electronically does not show that any such filings were received. Consolidated Court Automation Programs (CCAP), WI Circuit Court Access for Rock County case nos. 2008 CM 1948 and 2008 CF 3315 at http://wcca.wicourts.gov (visited Jan. 5, 2009); CCAP WI Supreme Court and Court of Appeals Cases Access for Donald Davis at http://wcca.wicourts.gov (visited Jan. 5, 2009). Petitioner now seeks relief in this court, alleging that the extradition warrant was unconstitutional and that he has been denied credit for jail time previously served.

A state prisoner seeking habeas relief from the federal court must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). It is plain that petitioner has not complied with this requirement. He has not yet received a ruling on his motion to dismiss, much less exhausted his state court appellate remedies. Petitioner must complete these steps before this court may entertain his petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (to exhaust state court remedies, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including filing petition for discretionary review with state's highest court). A petitioner "cannot simply opt out of the

state review process because he is tired of it or frustrated by the results he is getting." Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995).

Further, this court has no authority to enjoin a pending or potential criminal prosecution against petitioner. Federal courts may not interfere in ongoing state criminal prosecutions unless a failure to do so will result in irreparable injury, which is "both great and immediate." Younger v. Harris, 401 U.S. 37, 46 (1971) (quoting Fenner v. Boykin, 271 U.S. 240 (1926)); see also Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979) (federal courts reluctant to grant pre-trial habeas relief, particularly where it would derail pending state criminal proceeding). Petitioner's allegations do not allow an inference to be drawn that he will suffer irreparable injury if he is forced to defend the pending state prosecution. Accordingly, the petition will be dismissed.

ORDER

IT IS ORDERED that petitioner Donald Davis II's request for leave to proceed *in forma pauperis* is granted. FURTHER, IT IS ORDERED that the petition of for a writ of

3

habeas corpus is DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust his state court remedies.

Entered this 5th day of January, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge