IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD WILBERT DAVIS II,

                    Petitioner,

     v.

ROBERT SPODEN, Sheriff,
Rock County,

                    Respondent.

OPINION AND
ORDER

09-cv-002-bbc

---

On January 5, 2009, I dismissed petitioner Donald W. Davis II's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because he had not yet exhausted his state court remedies. Dkt. #4. Petitioner has moved for reconsideration of that order, arguing that the court misunderstood the claims alleged in his petition. Dkt. #6.

As noted in the previous order, petitioner is currently serving an 11-month sentence in the Rock County jail as a result of his October 2008 conviction for retail theft and obstruction of an officer. Prior to sentencing, petitioner was detained at the jail on a probation hold from June 30 to October 10, 2008. On November 4, 2008, the Circuit Court for Rock County ordered that petitioner be extradited to Winnebago County, Illinois to face other charges. Dkt. #4. Petitioner states in his motion for reconsideration that he

1

is still detained at the Rock County jail and has not been transferred to Illinois. Court records available electronically confirm that petitioner is serving his 11-month sentence at the Rock County jail until June 14, 2009. Consolidated Court Automation Programs (CCAP), WI Circuit Court Access for Rock County case no. 2008 CF 3315 at http://wcca.wicourts.gov (visited Jan. 28, 2009).

From the petition, it appeared that petitioner was challenging the constitutionality of the extradition warrant. However, petitioner asserts that this is not the case. If I understand petitioner correctly, he is alleging that he is in custody illegally because Rock County officials have violated unspecified "procedures" under the Interstate Agreement on Detainers Act and the Uniform Criminal Extradition Act. Specifically, petitioner is concerned that he will lose his right to a speedy trial in Illinois if he is not transferred to face charges in Illinois until June 2009. Petitioner also seems to be alleging that respondent is not letting him initiate procedures for his transfer to Illinois. He asks this court to intervene and direct the sheriff and circuit court of Rock County to follow proper extradition procedures. (Petitioner mentions that the circuit court has denied him "access.") Petitioner also requests that the court give Illinois until February 2, 2009 within which to either extradite him or dismiss the extradition warrant.

After piecing together petitioner's allegations, it appears that his speedy trial claim is governed by 28 U.S.C. § 2241, the general habeas corpus statute, and not § 2254, which

2

is limited to persons in custody pursuant to the judgment of a state court. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488 (1973); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000). Ordinarily, the proper district for a § 2241 habeas corpus petition is the district in which the petitioner is confined at the time he files the petition. 28 U.S.C. § 2241(a); Al-Mari v. Rumsfeld, 360 F.3d 707, 711 (7th Cir. 2004). However, in this case, petitioner has two custodians: Wisconsin, which has immediate physical control over him, and Illinois, which is entitled to future physical control. Al-Mari, 360 F.3d at 711. "[P]risoners under penal obligation to two jurisdictions may seek collateral relief from both." Id. Petitioner has named his Wisconsin custodian as respondent. However, the proper respondent with respect to petitioner's speedy trial claim is the Illinois court in which the detainer was lodged. Braden, 410 U.S. at 489 (prisoner confined in Alabama properly challenged future confinement in Kentucky by filing habeas petition in Kentucky federal court); Kholyavskiy v. Achim, 443 F.3d 946, 949 n.2 and 952 n.6 (7th Cir. 2006) (explaining judicially crafted exception to § 2241). Nevertheless, in Moore v. Olson, 368 F.3d 757 (7th Cir. 2004), the Court of Appeals for the Seventh Circuit held that the location of the district court in which a federal prisoner brings a petition for a writ of habeas corpus is a matter of venue, subject to waiver and forfeiture, rather than a matter of subject matter jurisdiction.

3

Regardless whether petitioner should have brought his extradition-related challenges under § 2241 or in an Illinois federal court, the petition must be dismissed because he has failed to exhaust his state court remedies. Section 2241 lacks a statutory exhaustion requirement like that set forth in § 2254(b). However, as matter of comity, the federal court may require a § 2241 applicant to exhaust all avenues of state relief before seeking the writ. United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing Baldwin v. Lewis, 442 F.2d 29, 31-33 (7th Cir. 1971)). "Sound judicial discretion governs" the court's decision to require or excuse exhaustion. Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (quotation omitted). Excusing exhaustion is appropriate only under limited circumstances, such as where unreasonable delay would result or there is no reasonable prospect of petitioner receiving relief. Id.

Although petitioner mentions that he has tried unsuccessfully to pursue enforcement of the extradition warrant in the Rock County circuit court, he does not allege that he has demanded trial in Illinois under the Interstate Agreement on Detainers Act or otherwise sought relief from the state of Illinois. United States v. Brewington, 512 F.3d 995, 997 (7th Cir. 2008) (under Detainers Act, 18 U.S.C. App. 2, § 2, art. III(a), prisoner must be brought to trial within 180 days after providing written notice to prosecuting officer and court of place of imprisonment and request for final disposition); United States ex rel. McInery v.

4

Shelley, 524 F. Supp. 499, 502 (D.C. Ill. 1981) (explaining that extradition right belongs to demanding state, not defendant or asylum state).

Petitioner argues that his speedy trial rights would be violated if he waited for the completion of the state appellate process. However, as discussed in the previous order, petitioner cannot bypass the state review process just because he is frustrated with it or thinks that it will take too long. Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995). At this early stage, there is no reason to believe that bringing this matter to the attention of the Illinois officials will result in an unreasonable delay. Only about three months have passed since the issuance of the extradition warrant.

Finally, as he did in his petition, petitioner asserts that he is entitled to credit for time served between June and October 2008, making him eligible for release from his current custody in Wisconsin on March 2009. Since the issuance of the court's January 5 order, petitioner filed a motion in the Circuit Court for Rock County requesting sentence credit. The court denied that motion on January 14, 2009, finding that petitioner had been held on a probation hold and not in conjunction with the case in which he is serving a sentence. Dkt. #6, Exh. cb. This claim is governed by § 2254. As discussed in the court's previous order, petitioner must first exhaust all of his available state court remedies, including review by the state court of appeals and supreme court, before filing a habeas petition in this court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (to exhaust

5

state court remedies, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including filing petition for discretionary review with state's highest court).

Accordingly, because petitioner has not shown that the court erred in dismissing the petition for failure to exhaust, his motion for reconsideration will be denied.

ORDER

IT IS ORDERED that petitioner Donald Davis II's motion for reconsideration is DENIED.

Entered this 30th day of January, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge