IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD WILBERT DAVIS II,

                Petitioner,                              ORDER

     v.                                              09-cv-002-bbc

ROBERT SPODEN, Sheriff,
Rock County,

                Respondent.

---

     Petitioner Donald Davis II has filed a notice of appeal from this court's January 5, 2009 order and judgment, dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254 without prejudice, on the ground that petitioner failed to exhaust his state court remedies by completing one round of review in the state courts. Because petitioner has not paid the appellate filing fee and has an affidavit of indigency on file, I will construe his filing as also stating a request to proceed in forma pauperis on appeal.

     Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from "the final order in a habeas corpus proceeding . . . in which the detention complained of arises out of process issued by a State court" unless the district court grants him a certificate of appealability. However, this provision does not apply to petitioner. Only *final* orders in habeas corpus

1

proceedings are subject to review by the federal court of appeals. Id.; § 2253(a). The Court of Appeals for the Seventh Circuit has held that the dismissal of a habeas petition without prejudice is not a final appealable order except under special circumstances. Moore v. Mote, 368 F.3d 754, 755 (7th Cir. 2004). "Special circumstances are present when it is clear that it is impossible for the plaintiff to amend the filing to remedy the problem that prompted the dismissal." Id. (citing Furnace v. Board of Trustees of Southern Illinois University, 218 F.3d 666, 669 (7th Cir. 2000)). No special circumstances exist in this case because petitioner has ample time to return to state court, conclude his pending state court of appeals action and submit the final state court decision to this court for review. Id.; cf., Dolis v. Chambers, 454 F.3d 721, 723 (7th Cir. 2006) (special circumstances may exist where one-year statute of limitations on federal habeas actions would preclude refiling after exhaustion).

      The next question is whether petitioner is entitled to proceed in forma pauperis on appeal. In addition to finding that petitioner is indigent, this court must find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). I cannot certify that petitioner's appeal is taken in good faith. I denied his petition without prejudice, meaning

that petitioner could submit a new petition after he had fully exhausted his state court remedies. Given that petitioner has not suffered any prejudice as a result of my order, no reasonable person could suppose there is any merit to petitioner's taking an appeal.

ORDER

IT IS ORDERED that:

1. Petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2. Petitioner's request for leave to proceed in forma pauperis on appeal is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 18th day of March, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge